STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2024 CA 0290

JASON DWAYNE JOHNSON

VERSUS

JA'COY ROSELEE PAYNE

Judgment Rendered: **DEC 2 0 2024**

* * * * *

On Appeal from the Family Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 234772

Honorable Erika L. Green, Judge Presiding

* * * * *

Jason Dwayne Johnson
Baton Rouge, LA

Plaintiff-Appellee,
*Pro Se*

Ja'Coy Roselee Payne
Gonzales, LA

Defendant-Appellant,
*Pro Se*

* * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Theriot, J. concurs

**HESTER, J.**

This is an appeal from a judgment granting a protective order under the Domestic Abuse Assistance statutes, La. R.S. 46:2131 *et seq.* For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

On November 28, 2023, Jason Dwayne Johnson filed a Petition for Protection from Abuse pursuant to La. R.S. 46:2131 *et seq.* naming his former spouse, Ja'Coy Roselee Payne, as the defendant. On that day, a temporary restraining order was granted effective through December 20, 2023, the date the hearing for the protective order was set. On December 20, 2023, Mr. Johnson and Ms. Payne appeared before the trial court in proper person for a contradictory hearing on Mr. Johnson's petition. After the hearing, the trial court granted the protective order pursuant to La. R.S. 46:2131 *et seq.* through May 20, 2024, and filled out a "Louisiana Uniform Abuse Prevention Order" as required by La. R.S. 46:2136.2(C). Ms. Payne presents several issues for review on appeal, including that her actions were not within the scope of domestic abuse under La. R.S. 46:2131 *et seq.* and that no good cause was shown for the issuance of the protective order.

## STANDARD OF REVIEW AND BURDEN OF PROOF

An appellate court reviews domestic orders for an abuse of discretion. **Head v. Robichaux**, 2018-0366 (La. App. 1st Cir. 11/2/18), 265 So.3d 813, 817. Moreover, we review the trial court's factual findings relating to such protective orders under a manifest error standard of review. **Id**. If a temporary restraining order is granted without notice, the matter shall be set for a hearing at which time cause must be shown why a protective order should not be issued. At the hearing on the rule for the protective order, the petitioner must prove the allegations of abuse by a preponderance of the evidence. La. R.S. 46:2135(B); **Thomas v. Hyatt**, 2012-1891 (La. App. 1st Cir. 8/6/13), 2013 WL 4007777, at *2 (unpublished).

2

## LAW AND ANALYSIS

Under the Domestic Abuse Assistance Act, a court may issue a protection order pursuant to La. R.S. 46:2131 *et seq.* The intent of the Act is to provide a civil remedy of immediate and easily accessible protection to endangered persons from domestic abuse. **Pierce v. Pierce**, 2019-0689 (La. App. 1st Cir. 2/21/20), 298 So.3d 902, 906. Louisiana Revised Statutes 46:2135 and 46:2136 require that there be "good cause shown" for the issuance of a protective order. "Good cause shown" is defined in La. R.S. 46:2135 as a showing of "immediate and present danger of abuse." Domestic abuse includes, but is not limited to, physical or sexual abuse or any offense against the person as defined in the Louisiana Criminal Code, except negligent injury and defamation, committed by one family member or household member against another. La. R.S. 46:2132(3); **Pierce**, 298 So.3d at 906.

Stalking and cyberstalking fall under the category of "any offense against the person, physical or non-physical, as defined in the Criminal Code of Louisiana," which is included in the domestic abuse definition set forth in La. R.S. 46:2132(3). See **Shaw v. Young**, 2015-0974 (La. App. 4th Cir. 8/17/16), 199 So.3d 1180, 1193.

Louisiana Revised Statutes 14:40.2(A), states:

> Stalking is the intentional and repeated following or harassing of another person that would cause a reasonable person to feel alarmed or to suffer emotional distress. Stalking shall include but not be limited to the intentional and repeated uninvited presence of the perpetrator at another person's home, workplace, school, or any place which would cause a reasonable person to be alarmed, or to suffer emotional distress as a result of verbal, written, or behaviorally implied threats of death, bodily injury, sexual assault, kidnapping, or any other statutory criminal act to himself or any member of his family or any person with whom he is acquainted.

"Harassing" means the repeated pattern of verbal communications or nonverbal behavior without invitation which includes but is not limited to making telephone calls, transmitting electronic mail, sending messages via a third party, or sending letters or pictures. La. R.S. 14:40.2(C)(1). "Pattern of conduct" means a series of

3

acts over a period of time, however short, evidencing an intent to inflict a continuity of emotional distress upon the person. La. R.S. 14:40.2(C)(2). Further, La. R.S. 14:40.3(B) provides in pertinent part:

> B. Cyberstalking is action of any person to accomplish any of the following:
> ...
> (2) Electronically mail or electronically communicate to another repeatedly, whether or not conversation ensues, for the purpose of threatening, terrifying, or harassing any person.

General harassment and family arguments, if they do rise to the threshold of physical or sexual abuse in violation of the criminal code or an offense against the person, are not within the ambit of the Domestic Abuse Assistance Act. **Pierce**, 298 So.3d at 906; **Rouyea v. Rouyea**, 2000-2613 (La. App. 1st Cir. 3/28/01), 808 So.2d 558, 561.

During the hearing, Mr. Johnson testified about his reasons for filing a protective order on November 28, 2023. He made no allegations of physical or sexual abuse; therefore, he had the burden of proving an offense against him as defined in the Louisiana Criminal Code.[1] When asked by the trial court to describe what led him to file a protective order, Mr. Johnson replied, "[h]arassment, basically. Like she . . . calls my job to act like me to get them to . . . give her my information about my job[,] about what I make, [and] my passwords to my benefits and everything." Mr. Johnson said he received letters from his job about this happening in March 2023. He also said she passed by his girlfriend's house and sent him a recorded video of his vehicle there in January 2023.

---

[1] In his petition for a temporary restraining order, Mr. Johnson checked several boxes on the form indicating physical abuse; however, at the hearing, he did not testify or present evidence of any physical abuse.

The trial court asked Mr. Johnson what happened in October to make him file for a protective order.[2] He replied, "It's continued harassment like trying to get in my email accounts. ...She was in my Twitter account not too long ago." Mr. Johnson did not further explain when, how often, or what Ms. Payne did when she attempted to get into his email and Twitter accounts.

Mr. Johnson called his girlfriend, Ms. Kina Holmes, as a witness. She testified that around December of 2022, she received Facebook messages from Ms. Payne, so she blocked her. Ms. Holmes said she later received a message through Ms. Payne's daughter's Facebook and then from Ms. Payne's friend's Facebook "saying disrespectful things" to her. Ms. Holmes testified that she filed a restraining order against Ms. Payne, which was granted. The court asked Ms. Holmes what she knew about Mr. Johnson's interactions with Ms. Payne. She said, "just harassing him. Calling his job...pretending as if [she's] someone else." She also mentioned that Ms. Payne called the child support office. There were no exhibits introduced at the hearing.

The trial court determined, "[Mr. Johnson] saying that [Ms. Payne] has contacted my girlfriend, me on social media, my office, the child support office--all these places, that suffices for harassment." The trial court concluded, "I'm going to issue a protective order for the harassment issues."

As noted, the Domestic Abuse Assistance Act does not embody claims of general harassment. Mr. Johnson had the burden of proving an offense against him as defined in the Louisiana Criminal Code, specifically herein, stalking or cyberstalking. During the brief hearing, Mr. Johnson presented evidence as to why he filed for the November 28, 2023 protective order. Mr. Johnson's evidence included that Ms. Payne called his office to get information about his benefits around

_____

[2] Although Mr. Johnson's petition was filed in November, the trial court's question was framed in a way that made it clear that the court was asking him what recent event happened that caused him to file for a protective order.

5

March 2023, called the child support office, drove by his girlfriend's house in January 2023, and would "get into" his accounts. The conduct of Ms. Payne does not rise to the level of an offense against a person and is not within the ambit of the Domestic Abuse Assistance Act. After thoroughly considering the limited evidence presented by Mr. Johnson during the hearing, we find that he did not satisfy his burden of proving by a preponderance of the evidence any instances of domestic abuse as defined by La. R.S. 46:2132(3). Therefore, the trial court abused its discretion by granting a protective order against Ms. Payne.

## CONCLUSION

For the reasons set forth above, the protective order issued against defendant, Ja'Coy Payne, is reversed. Costs of this appeal are assessed to plaintiff, Jason Johnson.

**REVERSED.**